**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 CR 40-3 |
| | ) | |
| MARDI LANE, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

**APRIL 7, 2023 PRETRIAL CONFERENCE RULINGS**

Pretrial conference held on April 7, 2023, during which the Court ruled or reserved ruling on defense motions in limine D1 [536], D2 [537], D3 [538], D4 [539], D5 [552], D6 [556], D7 [559], the government's consolidated motions in limine G1-G20 [562], and the government's *Santiago* proffer [512]. The rulings, which the Court made for the reasons stated on the record, are summarized below.

The Court **granted** or **granted in part** the following pretrial motions:

- G1: To admit guilty plea transcripts from state court, ECF No. 562. The government committed to redacting the colloquy in the manner described on the record. *See* D3.

- G2: To admit crime scene photographs and medical examiner photographs depicting victims, ECF No. 562. The Court granted the motion in part and ruled that some photographs would be admissible, but likely not all. The Court ordered the government to submit the full list of photographs it intends to introduce at trial at some point during the week of April 10, 2023.

- G4: To admit statements in victims' medical records, ECF No. 562. Granted in part; the Court ordered the parties to confer about redacting the records and alert the Court as to any disputes.

- G8: To allow government to recall law enforcement witnesses and cooperating defendants during its case-in-chief, ECF No. 562. The government modified it to include only law enforcement witnesses, and the defense did not oppose it as modified. The Court granted it as modified.

- G9: To exclude non-identification hearsay evidence, ECF No. 562. The defense had no objection to the narrow basis for exclusion raised in the motion. The Court granted it on that narrow basis.

- G16: To preclude argument or evidence designed to elicit jury nullification, ECF No. 562.

- G17: To preclude the defense from making any argument or offering any evidence relating to alibi or unavailability, mental defect, or public authority, ECF No. 562. The Court noted that if Mr. Lane decided to pursue such a defense he would need to raise it with the Court ahead of time and explain why notice of intent to present such a defense was not provided earlier.

- G19: To preclude the defense from attempting to explain or define "reasonable doubt," ECF No. 562.

- G20: For leave to file additional motions in limine if necessary, ECF No. 562. Both parties are granted leave (and encouraged) to raise admissibility issues via motion ahead of time if circumstances permit.

The Court **denied** or **denied in part** the following pretrial motions:

- D1: The defense's motion to exclude testimony of the government's proposed expert cellular analyst, ECF No. 536. The government's expert cellular analyst is permitted to testify.

- D2: The defense's motion to exclude evidence relating to the attempted murders of D.T., J.C., R.F., S.R., and D.B., ECF No. 537, was denied in part. The government is permitted to introduce evidence relating to the 4/10/15 shooting involving victims R.F., S.R., and D.B.

- D3: The defense's motion to exclude use of state court guilty plea and conviction, ECF No. 538. The government committed to redacting the colloquy in the manner described on the record. *See* G1.

- D4: The defense's motion to strike paragraph 8(O)(viii) in count one of the superseding indictment, ECF No. 539. The Court finds that the defense's Fifth Amendment double jeopardy challenge to the inclusion of the April 10, 2015, shooting as an underlying racketeering act to be without merit.

- D6: The defense's motion to exclude the government's use of Mr. Lane's tattoos. The government is permitted to introduce Mr. Lane's gang-related tattoos. The government averred it was not seeking to introduce one particular tattoo related to police officers.

- D7: The defense's motion to exclude the use of rap videos and lyrics, ECF No. 559. The Court ruled that the full music video that personally depicts Mr. Lane would be admitted, but the parties were ordered to confer further about redactions in the three other videos to exclude irrelevant material as described on the record.

- G5: To allow limited evidence of defendant's incarceration during the charged conspiracy, ECF No. 562. Denied as a motion in limine. If, during the course of trial, the government believes it has a basis to introduce this evidence in accordance with the Federal Rules of Evidence, it can raise it with the Court.

- G7: To permit questioning of witnesses regarding fear of retaliation, ECF No. 562. Denied as a motion in limine. If, during the course of trial, the government believes it has a basis to introduce this evidence in accordance with the Federal Rules of Evidence, it can raise it with the Court.

- G10: To preclude defendant from offering his own prior statements, ECF No. 562. The government averred that it no longer intended to introduce any of the six-hour interview with Mr. Lane in its case-in-chief, effectively withdrawing the motion.

- G11: To preclude improper impeachment regarding arrests and other non-probative bad acts of witnesses, ECF No. 562. Denied as a motion in limine. If, during the course of trial, the government anticipates that there will be cross-examination of this sort, it can raise it with the Court.

- G12: To preclude inquiry into law enforcement officers' and agents' non-sustained disciplinary complaints, ECF No. 562. Denied as a motion in limine. If, during the course of trial, the government anticipates that there will be cross-examination of this sort, it can raise it with the Court.

- G13: To bar improper use of agents' and officers' reports, ECF No. 562. Denied as a motion in limine. If, during the course of trial, the government anticipates that there will be cross-examination of this sort, it can raise it with the Court.

- G15: To preclude evidence and argument about investigative steps not taken, ECF No. 562. Denied as a motion in limine.

- G18: To preclude the "missing witness" argument, ECF No. 562. Denied as a motion in limine. If, during the course of trial, either party believes it has a basis to make a missing witness argument, it must first be fronted with the Court.

The Court **reserved ruling** on the following pretrial motions:

- D2: The defense's motion to exclude evidence relating to the attempted murders of D.T., J.C., R.F., S.R., and D.B., ECF No. 537. The motion remains under advisement as it relates to the 3/27/2015 shooting involving victims D.T. and J.C.

- D5: The defense's motion to exclude expert testimony regarding firearm toolmark analysis, ECF No. 552.

- G3: To admit certain 911 calls, ECF No. 562.

- G6: To admit evidence regarding threats, witness tampering, or other obstructive acts, ECF No. 562. The Court will consider what is fairly needed and what is unduly cumulative. The Court will hear further information about a more recent alleged incident occurring on or about April 5, 2023, during the next pretrial hearing.

- G14: To admit the defendants' prior felony convictions should he testify, ECF No. 562. The defense has not indicated whether it will present its own evidence at trial; any ruling on this motion would be premature.

**Santiago Proffer**: The Court found by a preponderance of the evidence that the evidence proffered by the government established the existence of the charged conspiracy and the defendant's participation in the conspiracy. It further ruled that the contested statements declared by Mr. Lane to others set forth in the government's Santiago proffer are admissible as admissions of a party opponent under Federal Rule of Evidence 801(d)(2)(A) and need not rely on Rule 801(d)(2)(E). The Court directed the government to provide two days' notice to the defense of any statements it will seek to admit as coconspirator statements. The Court reserved ruling on the admissibility of co-defendant Lucious's statement to co-defendant Easter regarding the March 27, 2015 shooting involving victims D.T. and J.C. based on its reservation of ruling as to motion in limine D2, ECF No. 537.

Dated: April 12, 2023

John J. Tharp, Jr.
United States District Judge